**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**THOMAS M. SMITH, II,**

      **Petitioner,**

**v.**                                        **Case No. 5:14cv348-RV/CAS**

**NICOLE ENGLISH,
Warden, FCI Marianna,**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about December 15, 2014, Petitioner Thomas M. Smith, II,
proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2241.   ECF No. 1.   On March 6, 2015, Respondent filed an
answer, with attachments.   ECF No. 6.   Petitioner has not filed a reply,
although given the opportunity to do so.   *See* ECF No. 3.

The matter was referred to the undersigned United States Magistrate
Judge for report and recommendation pursuant to 28 U.S.C. § 636 and
Northern District of Florida Local Rule 72.2(B).   After careful consideration,
the undersigned concludes Petitioner is not entitled to federal habeas relief
and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

In June 2011, Petitioner Thomas M. Smith, II, was sentenced in the U.S. District Court for the Southern District of Illinois, following his guilty plea, to 90 months in prison, followed by 20 years of supervised release, for the offense of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  United States v. Smith, No. 3:11cr30013-DRH (S.D. Ill. June 16, 2011), ECF No. 56 (Judgment).   Smith did not file a direct appeal.   His current release date is November 20, 2017.   *See* www.bop.gov.

Smith filed this § 2241 petition on or about December 15, 2014. ECF No. 1.   He challenges a Correctional Management Plan (CMP) implemented by the Federal Bureau of Prisons (BOP) as discriminatory and unconstitutional.   *Id.*   At the time he filed the petition, Smith was an inmate at the Federal Correctional Institution (FCI) in Marianna, Florida.   *Id.*   He attached to his petition copies of his administrative remedy requests and denial, as well as five incident reports he received while incarcerated at the federal penitentiary in Marion, Illinois.   In the petition, Smith seeks termination of the CMP and restoration of "any and all Good Conduct time lost as a result of the incident reports written in violation of the [CMP] and

expunge[ment] [of] any and all past and present incident reports that violate

said [CMP]."   *Id.* at 6.

Respondent filed an answer, with attachments, on March 6, 2015.

ECF No. 6.   Respondent asserts venue is no longer proper in this Court

because Petitioner is currently incarcerated at FCC Petersburg and is no

longer confined within the Northern District of Florida.[1]   *Id.* at 3.

Respondent also asserts Petitioner Smith has not exhausted his

administrative remedies.   *Id.* at 5-7.   Respondent further asserts Petitioner

has not stated a cognizable claim upon which relief can be granted

because he does not seek relief that would mandate either termination of

custody or a sentence reduction.   *Id.* at 7.   Finally, Respondent asserts

the CMP challenged by Petitioner was implemented by the BOP in

accordance with BOP's policy after it was determined Petitioner was

---

[1]Petitioner Smith filed, on March 2, 2015, a Notice of Change of Address reflecting his transfer to the Federal Correctional Complex in Petersburg, Virginia.   ECF No. 5.   A few days later, on or about March 11, 2015, he filed another notice reflecting his address change to the Federal Correctional Institution in Butner, North Carolina.   ECF No. 7.   Because he filed his § 2241 petition in this Court while incarcerated within the Northern District of Florida, however, the subsequent prison transfers do not deprive this Court of jurisdiction.   *See* Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).   Smith has submitted no other changes of address; however, a check of the website for the Federal Bureau of Prisons on this day reflects his address as Atlanta USP.   *See* www.bop.gov.   The website also indicates his release date is November 20, 2017. *Id.*

Case No. 5:14cv348-RV/CAS

engaging in risk-relevant behavior that required closer management.   *Id.* at 8-9.

Petitioner Smith did not file a reply to Respondent's answer.   A search of this Court's records reveals that Petitioner had another § 2241 petition in this Court, transferred from the Southern District of Illinois on February 11, 2015, raising claims similar to those raised in this case. Smith v. United States of America, No. 5:15cv21-MW/GRJ.   In the transfer order, issued February 11, 2015, the Illinois federal court dismissed Smith's claim concerning the BOP's Sex Offender Management Programs, explaining it was not cognizable in a § 2241 proceeding, and transferred the portion of the petition concerning Smith's request for restoration of good conduct time:

> Petitioner's second request, for a sweeping order forcing the BOP to discontinue all its Sex Offender Management Programs, is not cognizable in a § 2241 action.   Any challenge to the conditions of a prisoner's confinement, such as his participation or non-participation in a program such as the SOMP, must be brought in a civil rights action, not a habeas petition.   *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). That being said, this Court makes no comment on the potential merits of petitioner's claim if he should choose to bring a civil rights case pursuant to *Bivens.   See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).   This portion of

petitioner's § 2241 action shall . . . be dismissed.

> Petitioner's final request is that his good conduct time be restored.   He does not elaborate on how, when, or at what institution his good time was revoked, nor does he discuss any attempts he may have made to seek restoration of his sentence credits through the administrative appeal process within the BOP.   Nonetheless, this matter must be adjudicated in the district where petitioner was confined at the time he brought this action.   *Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). According to information available on the BOP facilities website, this is the Northern District of Florida.

*Id*. ECF No. 5 (Memorandum and Order).   This Court directed Smith to file

an amended petition "explaining his claim for restoration of good conduct

time and describing what, if any, efforts Petitioner made to seek

administrative relief before filing the Petition."   *Id*. ECF No. 8 at 2.

Petitioner did not file anything in response, and this Court ultimately

dismissed the case for failure to comply with an order of the Court and

failure to prosecute.   *Id*. ECF Nos. 12 (Report and Recommendation), 14

(Order Accepting Report and Recommendation), 15 (Judgment).

## <u>Analysis</u>

The Judiciary Act of 1789 granted federal courts the power to issue

the writ of habeas corpus.   *See* <u>United States v. Hayman</u>, 342 U.S. 205

(1952).   The habeas remedy is now codified in 28 U.S.C. § 2241,

subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.   Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.   *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, to the extent Smith's § 2241 petition challenges the constitutionality of the BOP's Correctional Management Program, this claim is not cognizable in a habeas corpus proceeding.   As the Indiana federal court explained in Smith's other § 2241 proceeding, such a claim challenges the conditions of his confinement and should be brought in a civil rights action, not a habeas petition.   Smith v. United States of

America, No. 5:15cv21-MW/GRJ, ECF No. 5; *see* Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

To the extent Smith challenges, in his § 2241 petition, the BOP's management of the CMP and his good conduct time, it does not appear he has exhausted this claim.   Respondent points out that, at best, Smith began the administrative remedy process but he did not complete the process.   ECF No. 6 at 5-6.   Respondent attaches the declaration of April Jackson, the Associate Warden's Secretary at FCI Marianna, Federal BOP, in support of its position that Smith has not exhausted his administrative remedies regarding his CMP argument or the incident reports.   ECF No. 6-1 at 6-8 (Attach. 2); *see id.* at 9-23 (administrative remedy requests and responses).   Regardless, a few weeks after Respondent filed the answer in this case, the Eleventh Circuit Court of Appeals held, in Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015), that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect, overruling its earlier decision in Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992).   The court explained that exhaustion of administrative remains a requirement, "it's just not a jurisdictional one."   Santiago-Lugo, 785 F.3d at

475.

> What its non-jurisdictional nature means is that a court
> need not inquire into exhaustion on its own.   A court has the
> discretion to accept or reject a concession from the respondent
> that administrative remedies have been exhausted.   And
> because exhaustion is non-jurisdictional, even when the
> defense has been preserved and asserted by the respondent
> throughout the proceeding, a court may skip over the
> exhaustion issue if it is easier to deny (not grant, of course, but
> deny) the petition on the merits without reaching the exhaustion
> question.

*Id.* at 475 (citations omitted).

On the merits, Petitioner Smith's challenge to the BOP's administration of the CMP fails.   The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).   After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction.   *See* Rodriguez, 60 F.3d at 747.   "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting

Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S.
837, 842-43 (1984)).   If the statute is silent or ambiguous, the court must
defer to the agency's reasonable interpretation unless the interpretation is
"'arbitrary, capricious, or manifestly contrary to the statute.'"   *Id.* (quoting
Chevron, 467 U.S. at 844).

Petitioner Smith is not entitled to relief in this case.   As Respondent
explains, it is the BOP's policy to impose restrictions on mail and telephone
communication, visiting privileges, and personal property of sexual
offenders to aid in the secure and orderly operations of the prison and the
safety of its staff and inmates as well as the general public.   *See* ECF No.
6-1 at 20 (Attach. 5 – Response to Request for Administrative Remedy, 26-
26 (Attach. 6 – Program Statement 5324.10, Sex Offender Programs).   In
accordance with policy, the BOP implemented a CMP for Smith after he
engaged in risk-relevant behavior (possession of written and pictorial
depictions of sexual activity involving children) that required closer
management.   *See id.* at 2-4 (Attach. 1 – Correctional Management Plan),
20-21 (Attach. 5 – Response to Request for Administrative Remedy).   In
denying Smith's request for administrative remedy on December 29, 2014,
Warden English explained:

A review into this matter reveals the behavior which you have

displayed during your period of incarceration at various institutions within the Federal Bureau of Prisons (BOP), resulted in several documented instances of violating BOP policy.   Specifically, it is BOP Policy to impose restrictions on mail and personal property of offenders, if the offender displays behavior which negatively affects the secure and orderly operations of the institution and safety of the general public.   It was within this scope of policy FCI Marion placed you on a CMP on July 22, 2013.   Your placement on a CMP followed attempts by SOMP staff, at various institutions you have been incarcerated in, to address risk-relevant behavior you have displayed as a sexual offender.   Per Program Statement 5324.10, Sex Offender Programs, CMPs may be imposed at SOMP institutions when offenders show evidence of risk-relevant behavior with subsequent implementation of modifications and restrictions in property, mail, correspondence, and visitation, if necessary, to minimize the risk of re-offense.

Prior to your placement on a CMP on July 22, 2013, you were advised of the definition of risk-relevant behavior as it applies to SOMP institutions and the secure and orderly running of the institution.   In addition, upon SOMP screening at FCI Marianna on October 31, 2014, you were again apprised of risk-relevant behavior and discussion of your active CMP which was still to remain in effect from July 22, 2013.   To date, the CMP from July 22, 2013, is still active and applicable in addressing your behavior.   The CMP is not intended to be a "treatment" program as you describe; it is simply a correctional practice with a defined plan to detect, identify, and apply appropriate consequences to reduce the risk-relevant behavior you have displayed.

Institution behavior related to a sexual offender's history which indicates risk of future sexual offending upon release is, by definition in Program Statement 5324.10, risk-relevant behavior.   Moreover, as indicated in the same program statement, specialized correctional management through such means as a CMP are correctional practices directed at

detecting, identifying, and applying appropriate consequences to risk-relevant sexual behavior.   Your placement on a CMP in July 2013, was within the context of the components identified in PS 5324.10.   You repetitively engaged in risk-relevant behavior to include possession of pictures/material depicting and describing underage/minor-related content of a sexual or inappropriate nature.   In review of your disciplinary record, you have received and been found guilty of 10 incident reports since the initiation of your CMP for such risk-relevant behavior. The behaviors continued after you were notified of your placement on a CMP.

In summary, if behavior you display or material which you possess is deemed as clinically risk-relevant by SOMP given your history of sexual offending and current placement on a CMP, staff have the authority to invoke policy and actions such as those defined in Program Statement 5324.10, <u>Sex Offender Programs</u>; PS 5266.11, <u>Incoming Publications</u>; PS 5270.09, <u>Inmate Discipline Program</u>; PS 5350.27, <u>Inmate Manuscripts</u>; PS 5521.05, <u>Inmate Searches of Housing Units, Inmates, and Inmate Work Areas</u>; PS 5580.08, <u>Inmate Personal Property</u>; and 5800.16, <u>Mail Management Manual</u>.

Based on these facts, your Request for Administrative Remedy is denied.

*Id.* at 20-21.

Petitioner Smith has not shown the BOP abused its discretion in denying his request for removal of his CMP, restoration of good conduct time, and expungement of incident reports.   Accordingly, this § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ

of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 28, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific
written objections to these proposed findings and recommendations.
Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served
upon all other parties.   A party may respond to another party's
objections within fourteen (14) days after being served with a copy
thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may
appear on the electronic docket is for the Court's internal use only
and does not control.   If a party fails to object to the magistrate
judge's findings or recommendations as to any particular claim or
issue contained in a Report and Recommendation, that party waives
the right to challenge on appeal the district court's order based on the
unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28
U.S.C. § 636.**